In the United States District Court
for the District of Columbia

| | § | |
|---|---|---|
| David W. Noble | § | |
| 2707 Ridge Road | § | |
| Windsor Mill, Maryland 21244 | § | |
| 240-477-7256 | § | |
| | § | |
| Plaintiff | § | |
| | § | Case No. 22-01613 (DLF) |
| v. | § | |
| | § | |
| National Association of Letters Carriers, | § | |
| AFL-CIO | § | |
| 100 Indiana Avenue, Northwest | § | |
| Washington, D.C. 20001 | § | |
| | § | |
| and | § | |
| | § | |
| Alamo Branch 421 | § | |
| 6218 Krempen Avenue | § | |
| San Antonio, Texas 78233 | § | |
| | § | |
| and | § | |
| | § | |
| Branch 9 NALC | § | |
| 5831 Cedar Lake Road | § | |
| St. Louis Park, Minnesota 55416 | § | |
| | § | |
| Defendants | § | |
| | § | |

**Motion for a Preliminary Injunction**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, and based on the First

Amended Complaint, the Declaration of David W. Noble, with exhibits, the accompanying

memorandum of law, the plaintiff moves the Court to grant a preliminary injunction compelling

defendants National Association of Letter Carriers, Branch 421, and Branch 9 to allow plaintiff,

at his own expense, to send his campaign literature to the membership via advertisements in

RECEIVED

JUN 17 2022

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

defendants' publications.

Respectfully submitted,

David W. Noble

In the United States District Court
for the District of Columbia

| | |
|---|---|
| David W. Noble<br>2707 Ridge Road<br>Windsor Mill, Maryland 21244<br>240-477-7256<br><br>Plaintiff<br><br>v.<br><br>National Association of Letters Carriers,<br>AFL-CIO<br>100 Indiana Avenue, Northwest<br>Washington, D.C. 20001<br><br>and<br><br>Alamo Branch 421<br>6218 Krempen Avenue<br>San Antonio, Texas 78233<br><br>and<br><br>Branch 9 NALC<br>5831 Cedar Lake Road<br>St. Louis Park, Minnesota 55416<br><br>Defendants | Case No. 22-01613 (DLF) |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

### TABLE OF CONTENTS

Table of Authorities...................................................................................................................ii
Statement of the Case...............................................................................................................1
Facts..........................................................................................................................................1

PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION SHOULD BE GRANTED

    A.     Plaintiff is Likely to Succeed on the Merits..............................................................3

    B.     Absent an Injunction, Plaintiff Will Suffer Irreparable Harm................................5

    C.     Balancing of Equities Favors Plaintiff......................................................................6

CONCLUSION ........................................................................................................................6

## TABLE OF AUTHORITIES

*Bauman v. Presser,* 119 LRRM 2247, (D.C. Cir. 1985).......................................................6

*Brown v. Lowen,* 857 F. 2d 216, 218 (4th Cir. 1988)......................................................3,5

*Brown v. Lowen,* 889 F.2d 58 (4th Cir. 1989)(en banc),
    *aff'd* 498 U.S. 466 (1991).........................................................................................3

*Crowley v. Teamsters Local 82,*
    679 F.2d 978 (1st Cir. 1982),
    *rev'd,* 467 U.S. 526 (1984).......................................................................................6

*Dimondstein v. American Postal Workers Union,* 964 F.Supp 2d 37, (D.D.C. 2013.) ..................5

*International Organization of Masters, Mates & Pilots v. Brown,* 498 U.S. 466, 476 (1991)....3,4

*Lorangeteli v. Critelli,* 853 F.2d 186, 196 (3rd Cir. 1988)................................................6

*Sherley v. Sibelius,* 644 F. 3d 388, 392-393 (D.C. Cir. 2011).........................................2

*United Steelworkers of America v. Sadlowski,* 457 U.S. 102, 113 (1982)......................................6

*Yablonski v. United Mine Workers of America,* 305 F.Supp. 868, 872...........................................6

**STATUTES, LEGISLATIVE MATERIALS, AND RULES**

Labor Management Reporting and Disclosure Act of 1959
    29 U.S.C. §§ 401 *et seq.*..........................................................................................2

    Title IV, 29 U.S.C. §§ 481 *et seq.*...........................................................................2
    Section 401(c), 29 U.S.C. § 481(c) ..........................................................................2

**Statement of the Case**

In this action, David Noble, a member of the National Association of Letter Carriers who is running for office, seeks to enforce his legal right to communicate with his fellow members about his candidacy by having the union disseminate his campaign literature, at his own expense, by placing ads in the union's publications – the same publications that the incumbent officers use to communicate with the membership. Because the ballots in the election will be mailed in September 2022, plaintiff seeks a preliminary injunction compelling the union to send his literature by allowing him to place ads in the publications.

**FACTS**

Plaintiff David Noble is a member of the National Association of Letter Carriers, and is running for the office of President in an election that will begin in September. He is a member of a slate of candidates called "Clean Sweep." Noble Decl. at 17.

Plaintiff has been campaigning on-line for eight years, and has built a following of tens of thousands of members. Noble Decl. at 20. However, plaintiff estimates that his on-line posts reach only about 10% of the electorate. Id. at 20. The union's monthly magazine – the *Postal Record* – is mailed to every member every month. The magazine prominently features the activities and ideas of the union's incumbent officers, against whom plaintiff and Clean Sweep are running in the election. Each of the ten incumbent resident officers has a full-page column in the magazine. The *Postal Record* may be viewed at NALC.org.

Accordingly, on December 18, 2021 plaintiff notified the incumbent president that plaintiff wanted to place political ads in the *Postal Record* beginning in the February 2022 issue. Id. at 21. On December 29 a union lawyer answered plaintiff's notification, saying that "in

Page 1 of 6

accordance with longstanding NALC policy" the union does not run political ads in the *Postal Record*, with the exception of [the September] issue every four years. Id. at 22. No such policy has ever been presented to the membership for approval. Id. at 23. NALC's refusal to accept plaintiff's ads has, thus far, prevented plaintiff from advertising in the February, March, April, May, June, and July issues of the magazine. Plaintiff's attempts to place ads in branch publications were similarly refused. Id. at 29.

Because only three months remain before the ballots will be mailed to the union membership, plaintiff now seeks a preliminary injunction compelling the union to comply with his request to disseminate his campaign literature as ads in union publications.

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION SHOULD BE GRANTED.

The issuance of a preliminary injunction depends on the Court's balancing of four factors: (1) plaintiff's likelihood of success on the merits; (2) their irreparable injury should the preliminary injunction not issue; (3) whether the injunction would irreparably injure third parties; (4) whether the public interest favors the relief requested. *Sherley v. Sibelius,* 644 F. 3d 388, 392-393 (D.C. Cir. 2011).

As we show in this memorandum, the law clearly requires the NALC to comply with any reasonable request for the distribution of campaign literature, so long as the requesting candidate is ready to bear the cost of distribution. The NALC and the defendant branches have offered no reason to deem the request to place ads in publications unreasonable. Moreover, plaintiff is being irreparably injured by his inability to run ads in support of his candidacy. Finally, because the other factors also militate in favor of granting injunctive relief, plaintiff's motion should be

granted.

**A. Plaintiff is Likely to Succeed on the Merits.**

The first sentence of section 401(c) of the Labor-Management Reporting and Disclosure

Act, 29 U.S.C. § 481(c) provides as follows, in pertinent part:

> Every national . . . labor organization . . . and every local labor organization and
> its officers, shall be under a duty, enforceable at the suit of any bona fide
> candidate for office in such labor organization in the district court of the United
> States in which such labor organization maintains its principal office, to comply
> with all reasonable requests of any candidate to distribute by mail or otherwise at
> the candidate's expense campaign literature in aid of such person's candidacy to
> all members in good standing of such labor organization . . ..

As the Supreme Court stated in *International Organization of Masters, Mates & Pilots v. Brown*,

498 U.S. 466, 476 (1991), section 401(c) gives the right to distribute campaign literature a

special status among all election rights, and "[a] broad interpretation of the candidate's right to

distribute literature . . . is consistent with the statute's basic purpose." The special role played

by section 401(c) rights was explained in more detail by the court of appeals opinion that was

affirmed in the *International Organization of Masters, Mates & Pilots* case, *sub nom. Brown v.*

*Lowen*, 889 F.2d 58 (4th Cir. 1989)(en banc), adopting panel opinion at 857 F. 2d 216, 218 (4th

Cir. 1988):

> "Congress recognized that one of the major obstacles to meaningful elections was
> the inherent advantage of incumbents and it sought to curb the advantage."
> Summers, *Democracy In A One-Party State: Perspectives from Landrum-Griffin*,
> 43 Md. L. Rev. 93, 117-118 (1984). When the union bureaucracy has exclusive
> control of the union membership lists, with addresses, as in this case, and that
> bureaucracy has continuous contact with the union membership and particularly
> the local union officers, the advantages of incumbency over any attempt of an
> insurgent to promote his candidacy before or after the quadrennial nominating
> convention of the union are obvious. By requiring unions to comply with all
> reasonable requests of candidates for access to the union lists these advantages of
> incumbency are reasonably moderated. And it was to provide that very

moderation of the advantages of incumbency which was the intention of the Act.

As the Supreme Court stated in *International Organization of Masters, Mates & Pilots v. Brown*, 498 U.S. 466, 476 (1991), the salient factors that are relevant to the reasonableness inquiry include: (1) Any financial hardship suffered by the union, (2) any administrative burden imposed on the union, and (3) any discrimination against the other candidates. Defendants have not claimed that plaintiff's request is unreasonable, and defendants have not claimed that its refusal to distribute plaintiff's campaign literature was based on any of the factors enumerated by the Supreme Court. Instead, NALC conditioned its refusal solely on "longstanding NALC policy" not to run political ads in the Postal Record except for one issue preceding the national officer elections. However, the Supreme Court held that internal union policies, even if reasonable, should not factor into assessing the reasonableness of the candidate's request. "The language of the statute plainly requires unions to comply with 'all reasonable requests' and just as plainly does not require union members to comply with 'all reasonable rules' when making such requests." Id. at 475.  Plaintiff's request was reasonable, and defendants should have distributed his campaign literature.

NALC epitomizes the power of incumbency. In the 134-year history of the union, only once has a challenger unseated an incumbent president. That happened in 1978. Noble first ran for president in 2014. In the 20 years before Noble's first run, nobody ran against an incumbent president.

The incumbent officers against whom plaintiff and Clean Sweep are running take full advantage of the powers of incumbency to put their accomplishments before the union electorate, at union expense. The monthly magazine carries regular columns from all of the

incumbents, as well as stories showing their photographs and praising their accomplishments. The ability of union incumbents to deploy the union's own resources in this manner is among the reasons why insurgent candidates need access to those same modes of communication to have a fair chance to compete in the upcoming union election. *See Brown v. Lowen,* 857 F. 2d 216, 218 (4th Cir. 1988).

The cost of mailing a single double-sided sheet of campaign literature to the entire NALC electorate is more than $300,000. No challenger in NALC's history has ever been able to raise enough money to make a mailing. Only several communications can give insurgent candidates a chance to overcome the considerable advantages of incumbency. Placing a full-page ad in the *Postal Record* costs less than 1/100th the amount needed for a mailing of letters. Requiring unions to allow the distribution of campaign materials through ads in union publications is vital to creating the level playing field as Congress intended. For all these reasons, plaintiff is likely to succeed on the merits.

**B.  Plaintiff will Suffer Irreparable Harm if Injunctive Relief does not Issue.**

Defendant NALC's refusal to comply with plaintiff's reasonable request to allow plaintiff to place campaign ads in the *Postal Record* exposes plaintiff to irreparable injury. Plaintiff will have his statutory right to communicate with members of union curtailed in the absence of a preliminary injunction, preventing him from communicating inexpensively and effectively with [90%] of the union's electorate. *Dimondstein v. American Postal Workers Union,* 964 F.Supp 2d 37, (D.D.C. 2013.)

**C. Balancing of Equities Favors Plaintiff.**

Because plaintiff himself must pay the costs of the advertisements, there is no possibility

Page 5 of  6

of any injury to defendant from the grant of a preliminary injunction.

An injunction would serve the public interest by vindicating principles of union democracy. "[T]he public interest in fair union elections as expressed in the [LMRDA] is clearly on the side of injunctive relief." *Yablonski v. United Mine Workers of America,* 305 F.Supp. 868, 872. *See also United Steelworkers of America v. Sadlowski,* 457 U.S. 102, 113 (1982). *Dimondstein v. American Postal Workers Union,* 964 F. Supp. 2d 37, (D.D.C. 2013). The public interest lies in vindicating the principles of union democracy. *Lorangeteli v. Critelli,* 853 F.2d 186, 196 (3rd Cir. 1988), *Bauman v. Presser,* 119 LRRM 2247, (D.C. Cir. 1985).[1]

## CONCLUSION

Plaintiff's motion for a preliminary injunction should be granted.

Respectfully submitted,

David W, Noble
2707 Ridge Road
Windsor Mill, Maryland 21244
240-477-7256
dwnoble@gmail.com

---

[1]A bond is neither appropriate nor necessary under the circumstances of this case. *Crowley v. Teamsters Local 82,* 679 F.2d 978, 999-1000 (1st Cir. 1982), *rev'd on other grounds,* 467 U.S. 526 (1984).

In the United States District Court
for the District of Columbia

| | |
|---|---|
| David W. Noble § <br> 2707 Ridge Road § <br> Windsor Mill, Maryland 21244 § <br> 240-477-7256 § <br> § <br> Plaintiff § <br> § <br> v. § <br> § <br> National Association of Letters Carriers, § <br> AFL-CIO § <br> 100 Indiana Avenue, Northwest § <br> Washington, D.C. 20001 § <br> § <br> and § <br> § <br> Alamo Branch 421 § <br> 6218 Krempen Avenue § <br> San Antonio, Texas 78233 § <br> § <br> and § <br> § <br> Branch 9 NALC § <br> 5831 Cedar Lake Road § <br> St. Louis Park, Minnesota 55416 § <br> § <br> Defendants § <br> § | Case No. 22-01613 (DLF) |

**Certificate of Service**

I hereby certify that on this 17th day of June, 2022, I caused a copy of First Amended

Complaint, Motion for a Preliminary Injunction, Declaration of David W. Noble, with exhibits,

and Proposed Preliminary Injunction to be served as follows:

Defendant National Association of Letter Carriers: By hand, and by email.

Defendant Branch 421: By Express Mail and email.

RECEIVED

JUN 17 2022

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Defendant Branch 9: By Express Mail and email.

David W. Noble