APPEAL,CLOSED,PROSE-NP,TYPE-F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:22-cv-01613-DLF

NOBLE v. NATIONAL ASSOCIATION OF LETTERS CARRIERS
Assigned to: Judge Dabney L. Friedrich
Cause: 28:1983 Civil Rights

Date Filed: 06/07/2022
Date Terminated: 12/13/2022
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**DAVID W. NOBLE**                    represented by **DAVID W. NOBLE**
David W. Noble, Jr.
2707 Ridge Road
Windsor Mill, MD 21244
240-477-7256
Email: dwnoble@gmail.com
PRO SE

V.

**Defendant**

**NATIONAL ASSOCIATION OF**          represented by **Lucas Robert Jason Aubrey**
**LETTERS CARRIERS**                 SHERMAN DUNN, P.C.
*AFL-CIO*                            900 Seventh Street, NW
Suite 1000
Washington, DC 20001
(202) 785-9300
Email: aubrey@shermandunn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter D. Dechiara**
COHEN, WEISS AND SIMON, LLP
900 Third Avenue
21st Floor
New York, NY 10022
212-356-0216
Fax: 646-473-8216
Email: pdechiara@cwsny.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kate M. Swearengen**
COHEN, WEISS AND SIMON, LLP
900 Third Avenue
Suite 2100
New York, NY 10022-4869

212-356-0272
Fax: 646-473-8272
Email: kswearengen@cwsny.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Edward Stolz**
COHEN, WEISS AND SIMON
900 3rd Avenue
Suite 2100
New York, NY 10022
212-356-0213
Email: mstolz@cwsny.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALAMO BRANCH 421**      represented by   **Lucas Robert Jason Aubrey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter D. Dechiara**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kate M. Swearengen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Edward Stolz**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRANCH 9 NALC**      represented by   **Lucas Robert Jason Aubrey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter D. Dechiara**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kate M. Swearengen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Edward Stolz**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 06/07/2022 | 1 | COMPLAINT against NATIONAL ASSOCIATION OF LETTERS CARRIERS ( Filing fee $ 402, receipt number 202283) filed by DAVID W. NOBLE. (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet)(zeg) (Entered: 06/09/2022) |
| 06/07/2022 | | SUMMONS Not Issued as to NATIONAL ASSOCIATION OF LETTERS CARRIERS (zeg) (Entered: 06/09/2022) |
| 06/15/2022 | 2 | MOTION for CM/ECF Password by DAVID W. NOBLE. (zeg) (Entered: 06/16/2022) |
| 06/17/2022 | 3 | STANDARD ORDER for Civil Cases. See text for details. Signed by Judge Dabney L. Friedrich on June 17, 2022. (lcdlf1) (Entered: 06/17/2022) |
| 06/17/2022 | | MINUTE ORDER granting the plaintiff's 2 Motion for CM/ECF Username and Password. The Clerk of Court shall provide the plaintiff with instructions for accessing the Court's electronic filing system. So Ordered by Judge Dabney L. Friedrich on June 17, 2022. (lcdlf1) (Entered: 06/17/2022) |
| 06/17/2022 | 4 | AMENDED COMPLAINT against NATIONAL ASSOCIATION OF LETTERS CARRIERS, ALAMO BRANCH 421, BRANCH 9 NALC filed by DAVID W. NOBLE. (zeg) (Entered: 06/17/2022) |
| 06/17/2022 | 5 | MOTION for Preliminary Injunction by DAVID W. NOBLE. (Attachments: # 1 Exhibits, # 2 Declaration, # 3 Text of Proposed Order)(zeg) (Entered: 06/17/2022) |
| 06/17/2022 | 6 | CERTIFICATE OF SERVICE by DAVID W. NOBLE re 4 Amended Complaint, 5 MOTION for Preliminary Injunction. (zeg) (Entered: 06/17/2022) |
| 06/21/2022 | 7 | NOTICE of Appearance by Lucas Robert Jason Aubrey on behalf of All Defendants (Aubrey, Lucas) (Entered: 06/21/2022) |
| 06/21/2022 | | MINUTE ORDER. Upon review of the plaintiff's 5 Motion for a Preliminary Injunction, the defendants are ordered to file any opposition to the motion on or before June 28, 2022, and the plaintiff is ordered to file any reply in support of the motion on or before July 1, 2022. So Ordered by Judge Dabney L. Friedrich on June 21, 2022. (lcdlf1) (Entered: 06/21/2022) |
| 06/21/2022 | 8 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Peter D. DeChiara, Filing fee $ 100, receipt number ADCDC-9320010. Fee Status: Fee Paid. by ALAMO BRANCH 421, BRANCH 9 NALC, NATIONAL ASSOCIATION OF LETTERS CARRIERS. (Attachments: # 1 Declaration DeChiara Declaration, # 2 DeChiara Cert. of Good Standing, # 3 DeChiara Proposed Order)(Aubrey, Lucas) (Entered: 06/21/2022) |
| 06/21/2022 | 9 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Kate M. Swearengen, Filing fee $ 100, receipt number ADCDC-9320066. Fee Status: Fee Paid. by ALAMO BRANCH 421, BRANCH 9 NALC, NATIONAL ASSOCIATION OF LETTERS CARRIERS. (Attachments: # 1 Swearengen Declaration, # 2 Swearengen Cert. of Good Standing, # 3 Swearengen Proposed Order)(Aubrey, Lucas) (Entered: 06/21/2022) |
| 06/21/2022 | 10 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Matthew E. Stolz, Filing fee $ 100, receipt number ADCDC-9320288. Fee Status: Fee Paid. by ALAMO |

| | | |
|---|---|---|
| | | BRANCH 421, BRANCH 9 NALC, NATIONAL ASSOCIATION OF LETTERS CARRIERS. (Attachments: # 1 Declaration Stolz Declaration, # 2 Stolz Cert. of Good Standing, # 3 Stolz Proposed Order)(Aubrey, Lucas) (Entered: 06/21/2022) |
| 06/21/2022 | | Set/Reset Deadlines: Responses due by 6/28/2022 Replies due by 7/1/2022. (zjch, ) (Entered: 06/22/2022) |
| 06/22/2022 | | MINUTE ORDER granting the defendants' 8 Motion for Admission of Attorney Peter D. DeChiara Pro Hac Vice, 9 Motion for Admission of Attorney Kate M. Swearengen Pro Hac Vice, and 10 Motion for Admission of Attorney Matthew E. Stolz Pro Hac Vice. Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). For instructions visit: https://www.dcd.uscourts.gov/sites/dcd/files/NextGEN_Tutorial_for_Registering_for_E-filing.pdf. So Ordered by Judge Dabney L. Friedrich on June 22, 2022. (lcdlf1) (Entered: 06/22/2022) |
| 06/24/2022 | 11 | NOTICE of Appearance by Peter D. Dechiara on behalf of ALAMO BRANCH 421, BRANCH 9 NALC, NATIONAL ASSOCIATION OF LETTERS CARRIERS (Dechiara, Peter) (Entered: 06/24/2022) |
| 06/24/2022 | 12 | NOTICE of Appearance by Matthew Edward Stolz on behalf of ALAMO BRANCH 421, BRANCH 9 NALC, NATIONAL ASSOCIATION OF LETTERS CARRIERS (Stolz, Matthew) (Entered: 06/24/2022) |
| 06/24/2022 | 13 | NOTICE of Appearance by Kate M. Swearengen on behalf of ALAMO BRANCH 421, BRANCH 9 NALC, NATIONAL ASSOCIATION OF LETTERS CARRIERS (Swearengen, Kate) (Entered: 06/24/2022) |
| 06/28/2022 | 14 | Memorandum in opposition to re 5 MOTION for Preliminary Injunction filed by ALAMO BRANCH 421, BRANCH 9 NALC, NATIONAL ASSOCIATION OF LETTERS CARRIERS. (Attachments: # 1 Declaration Renfroe Declaration with Exhibits, # 2 Text of Proposed Order)(Aubrey, Lucas) (Entered: 06/28/2022) |
| 07/01/2022 | 15 | MOTION for Extension of Time to File Response/Reply by DAVID W. NOBLE. (Attachments: # 1 Text of Proposed Order)(NOBLE, DAVID) (Entered: 07/01/2022) |
| 07/01/2022 | | MINUTE ORDER granting the plaintiff's 15 Motion for Extension of Time. Accordingly, the plaintiff shall file any reply in support of his 5 Motion for a Preliminary Injunction on or before July 3, 2022. So Ordered by Judge Dabney L. Friedrich on July 1, 2022. (lcdlf1) (Entered: 07/01/2022) |
| 07/03/2022 | 16 | REPLY to opposition to motion re 5 MOTION for Preliminary Injunction filed by DAVID W. NOBLE. (Attachments: # 1 Declaration Noble Declaration, # 2 Exhibit Exhibit J, # 3 Exhibit Exhibit K, # 4 Exhibit Exhibit I, # 5 Exhibit Exhibit L)(NOBLE, DAVID) Modified docket relationship on 7/5/2022 (zed). (Entered: 07/03/2022) |
| 07/07/2022 | | NOTICE of Hearing:Status Conference set for 7/8/2022 at 12:00 PM via Telephone before Judge Dabney L. Friedrich. (zjch, ) (Entered: 07/07/2022) |
| 07/08/2022 | | Minute Entry for telephonic proceeding held before Judge Dabney L. Friedrich: Status Conference held on 7/8/2022. Oral ruling issued DENYING 5 Motion for Preliminary Injunction for the reasons stated on the record. Order forthcoming via Chambers. (Court Reporter: Sara Wick) (zalh) (Entered: 07/08/2022) |
| 07/11/2022 | 17 | ORDER denying 5 Motion for Preliminary Injunction. See text for details. Signed by Judge Dabney L. Friedrich on July 11, 2022. (lcldf3) (Entered: 07/11/2022) |
| 07/24/2022 | 18 | WAIVER OF SERVICE. NATIONAL ASSOCIATION OF LETTERS CARRIERS waiver sent on 6/10/2022, answer due 8/9/2022. (NOBLE, DAVID) (Entered: |

| | | |
|---|---|---|
| | | 07/24/2022) |
| 08/05/2022 | [19](#) | MOTION to Dismiss - *Renfroe Second Declaration and Memorandum in Support* by ALAMO BRANCH 421, BRANCH 9 NALC, NATIONAL ASSOCIATION OF LETTERS CARRIERS. (Attachments: # [1](#) Text of Proposed Order)(Dechiara, Peter) (Entered: 08/05/2022) |
| 08/05/2022 | | MINUTE ORDER. Pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the plaintiff is advised that failure to respond to the defendant's pending [19](#) Motion to Dismiss by August 19, 2022, may result in the Court (1) treating the motions as conceded, (2) ruling on the defendant's motion based on the defendant's arguments alone; or (3) dismissing the plaintiff's claims for failure to prosecute. So Ordered by Judge Dabney L. Friedrich on August 5, 2022. (lcdlf1) (Entered: 08/05/2022) |
| 08/18/2022 | [20](#) | MOTION for Extension of Time to File *Opposition* by DAVID W. NOBLE. (Attachments: # [1](#) Text of Proposed Order)(NOBLE, DAVID) (Entered: 08/18/2022) |
| 08/18/2022 | | MINUTE ORDER granting plaintiff's unopposed [20](#) Motion for an Extension of Time to File Opposition. Accordingly, the plaintiff shall file his opposition on or before August 26, 2022. So Ordered by Judge Dabney L. Friedrich on August 18, 2022. (lcdlf1) (Entered: 08/18/2022) |
| 08/26/2022 | [21](#) | Memorandum in opposition re [19](#) Motion to Dismiss filed by DAVID W. NOBLE. (Attachments: # [1](#) Declaration Noble Declaration, # [2](#) Text of Proposed Order)(NOBLE, DAVID) (Entered: 08/26/2022) |
| 09/02/2022 | [22](#) | REPLY to opposition to motion re [19](#) MOTION to Dismiss - *Renfroe Second Declaration and Memorandum in Support* filed by ALAMO BRANCH 421, BRANCH 9 NALC, NATIONAL ASSOCIATION OF LETTERS CARRIERS. (Dechiara, Peter) (Entered: 09/02/2022) |
| 11/08/2022 | | MINUTE ORDER. It appears to the Court that the National Association of Letter Carriers union election concluded on October 27, 2022. See NALC national election results announced (Oct. 27, 2022), https://nalc.org/news/nalc-updates/nalc-national-election-results-announced-2022. If either party disagrees with this fact, they shall inform the Court on or before November 10, 2022. So Ordered by Judge Dabney L. Friedrich on November 8, 2022. (lcdlf1) (Entered: 11/08/2022) |
| 11/08/2022 | | Set/Reset Deadlines: If either party disagrees with the fact that the National Association of Letter Carriers union election concluded on October 27, 2022, they shall inform the Court by 11/10/2022. (zjch, ) (Entered: 11/08/2022) |
| 11/10/2022 | [23](#) | MOTION for Extension of Time to File Response/Reply by DAVID W. NOBLE. (NOBLE, DAVID) (Entered: 11/10/2022) |
| 11/13/2022 | [24](#) | RESPONSE TO ORDER OF THE COURT re Order by DAVID W. NOBLE (NOBLE, DAVID) Modified on 11/15/2022 to correct event (zjm). (Entered: 11/13/2022) |
| 11/14/2022 | | MINUTE ORDER granting, nunc pro tunc, the plaintiff's [23](#) Consent Motion for Extension of Time. So Ordered by Judge Dabney L. Friedrich on November 14, 2022. (lcdlf1) (Entered: 11/14/2022) |
| 12/09/2022 | [25](#) | TRANSCRIPT OF ORAL RULING before Judge Dabney L. Friedrich, held on 07/08/2022. Page Numbers: 1-15. Date of Issuance: 12/09/2022. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the [Transcript Order Form](#)<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. Aft er 90 |

|  |  | days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/30/2022. Redacted Transcript Deadline set for 1/9/2023. Release of Transcript Restriction set for 3/9/2023.(Wick, Sara) (Entered: 12/09/2022) |
|---|---|---|
| 12/13/2022 | 26 | ORDER granting the defendants' 19 Motion to Dismiss. See text for details. The Clerk of Court is directed to close this case. Signed by Judge Dabney L. Friedrich on December 13, 2022. (lcdlf1) (Entered: 12/13/2022) |
| 12/13/2022 | 27 | MEMORANDUM OPINION regarding the defendants' 19 Motion to Dismiss. See text for details. Signed by Judge Dabney L. Friedrich on December 13, 2022. (lcdlf1) (Entered: 12/13/2022) |
| 01/11/2023 | 28 | ENTERED IN ERROR.....NOTICE *Notice of Appeal* by DAVID W. NOBLE (NOBLE, DAVID) Modified on 1/12/2023 (zed). (Entered: 01/11/2023) |
| 01/12/2023 |  | NOTICE OF ERROR regarding 28 Notice (Other). The following error(s) need correction: Incorrect event. Please refile using Notice of Appeal event. (zed) (Entered: 01/12/2023) |
| 01/26/2023 | 29 | NOTICE OF APPEAL TO DC CIRCUIT COURT by DAVID W. NOBLE. Filing fee $ 505, receipt number ADCDC-9816567. Fee Status: Fee Paid. Parties have been notified. (NOBLE, DAVID) (Entered: 01/26/2023) |

**In the United States District Court
for the District of Columbia**

| | |
|---|---|
| David W. Noble<br>2707 Ridge Road<br>Windsor Mill, Maryland 21244<br>240-477-7256<br><br>Plaintiff<br><br>v.<br><br>National Association of Letters Carriers,<br>AFL-CIO<br>100 Indiana Avenue, Northwest<br>Washington, D.C. 20001<br><br>and<br><br>Alamo Branch 421<br>6218 Krempen Avenue<br>San Antonio, Texas 78233<br><br>and<br><br>Branch 9 NALC<br>5831 Cedar Lake Road<br>St. Louis Park, Minnesota 55416<br><br>Defendants | Case No. 22-01613 (DLF) |

**NOTICE OF APPEAL TO
THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Notice is given that plaintiff David W. Noble hereby appeals to the United States Court

of Appeals for the District of Columbia Circuit from the order entered on December 13, 2022,

dismissing this case.

Respectfully submitted,

David W. Noble
2707 Ridge Road
Windsor Mill, MD 21244
240-477-7256
dwnoble@gmail.com

Dated: January 11, 2023

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DAVID W. NOBLE, | |
| *Plaintiff*, | |
| v. | No. 22-cv-1613 (DLF) |
| NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL-CIO, *et al.*, | |
| *Defendants*. | |

## <u>MEMORANDUM OPINION</u>

David Noble brings this suit under the Labor Management Reporting and Disclosure Act (LMRDA) against the National Association of Letter Carriers (NALC), a labor union of which he is a member, and the union's local branches 421 and 9.  Am. Compl. ¶ 4, Dkt. 4.  He seeks a declaratory judgment and injunction requiring the defendants to sell him space for campaign advertisements in the union's monthly magazine and branch newsletters.  *Id.* ¶¶ 1, 18.  Before the Court is the defendants' Motion to Dismiss, Dkt. 19.  For the reasons that follow, the Court will grant the motion.

## I.   BACKGROUND

NALC is a national labor union with approximately 280,000 members.  *Id.* ¶¶ 1, 10.  NALC members elect union officers every four years.  *Id.* ¶ 5.  Noble ran for union president in the 2014, 2018, and 2022 elections.  *Id.* ¶¶ 5, 7.  He campaigned primarily online, and he estimates that through this medium he reached about 10% of the union members.  *Id.* ¶¶ 5, 9.

Leading up to the most recent election, on December 18, 2021, Noble emailed NALC President Fred Rolando and lawyer Peter D. DeChiara stating that he would like to begin running

political advertisements in the *Postal Record*, NALC's monthly union magazine, beginning in February. *Id.* ¶ 12; Compl. Ex. A, Dkt. 1-1. On December 29, 2021, DeChiara emailed Noble to inform him that "[i]n accordance with longstanding NALC policy, NALC does not run political ads in the *Postal Record*, with the exception of one issue every four years, preceding the NALC national officer elections." Compl. Ex. B, Dkt. 1-1; *see* Am. Compl. ¶ 13. In January 2022, Noble made a similar request of Branch 421, which it denied in March. Am. Compl. ¶ 15; Compl. Ex. C, Dkt. 1-1. In May 2022, he made the same request of Branch 9, to which Branch 9 did not respond. Am. Compl. ¶ 15.

Noble filed this suit on June 7, 2022. Compl., Dkt. 1. On June 17, 2022, Noble filed an amended complaint and a motion for a preliminary injunction to compel the defendants to sell him space for advertisements in the *Postal Record* and the branch newsletters before the 2022 election. Mot. for Prelim. Inj. at 1–2, Dkt. 5. On July 11, 2022, the Court denied Noble's motion for a preliminary injunction. Order, Dkt. 17. The Court first concluded that venue was not proper in the District of Columbia for the claims brought against the two local branches. Tr. of Mot. Hr'g at 5. As for the claims against NALC, the Court held that a preliminary injunction was not warranted because Noble was unlikely to succeed on the merits. *Id.* at 10–12. The Court further concluded that it was unclear that Noble would suffer irreparable injury in the absence of a preliminary injunction, and that the equities and public interest did not clearly weigh in his favor. *Id.* at 12–13.

On August 5, 2022, the defendants moved to dismiss Noble's amended complaint. Dkt. 19. As to the claims against the local branches, they moved to dismiss due to improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure and failure to state a claim under Rule

12(b)(6).  Defs.' Mem. at 5–6, Dkt. 19.  As to NALC, they moved to dismiss for mootness under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6).  *Id.* at 6–11.

## II.    LEGAL STANDARDS

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss an action or claim when the court lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A motion to dismiss for mootness is properly brought under Rule 12(b)(1) because "mootness itself deprives the court of jurisdiction."  *Indian River Cnty. v. Rogoff*, 254 F. Supp. 3d 15, 18-19 (D.D.C. 2017).  "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies."  *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)); *see also* U.S. Const. art. III, § 2.  "When ruling on a Rule 12(b)(1) motion, the court must treat the complaint's factual allegations as true and afford the plaintiff the benefit of all inferences that can be derived from the facts alleged."  *Jeong Seon Han v. Lynch*, 223 F. Supp. 3d 95, 103 (D.D.C. 2016) (quotation marks and citation omitted).  But unlike in the Rule 12(b)(6) context, a court may consider documents outside the pleadings to evaluate whether it has jurisdiction.  *See Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

Next, Rule 12(b)(3) "instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum."  *Sanchez ex rel. Rivera-Sanchez v. United States*, 600 F. Supp. 2d 19, 21 (D.D.C. 2009).  The Court accepts the plaintiff's well-pleaded allegations regarding venue as true and draws reasonable inferences from those allegations in favor of the plaintiff.  *See Abraham v. Burwell*, 110 F. Supp. 3d 25, 28 (D.D.C. 2015).  "The court need not, however, accept the plaintiff's legal conclusions as true, and may consider material outside of the pleadings."  *Id.* (citation omitted).  "The plaintiff has the burden to establish that venue is proper

since it is his obligation to institute the action in a permissible forum." *Sanchez-Mercedes v. Bureau of Prisons*, 453 F. Supp. 3d 404, 414 (D.D.C. 2020) (quotation marks omitted), *aff'd*, 2021 WL 2525679 (D.C. Cir. June 2, 2021).

Finally, Rule 12(b)(6) allows a defendant to move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Well-pleaded factual allegations are "entitled to [an] assumption of truth," *id.* at 679, and the court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quotation marks omitted). When deciding a Rule 12(b)(6) motion, the court may consider only the complaint, documents attached to or incorporated by reference in the complaint, and judicially noticeable materials. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). A Rule 12(b)(6) dismissal "is a resolution on the merits and is ordinarily prejudicial." *Okusami v. Psychiatric Inst. of Wash., Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992).

## III.   ANALYSIS

### A. Mootness

A case or claim is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Schmidt v. United States*, 749 F.3d 1064, 1068 (D.C. Cir. 2014) (citation omitted). This occurs when, for example, "intervening events make it impossible to grant the prevailing party effective relief." *Lemon v. Geren*, 514 F.3d 1312, 1315

(D.C. Cir. 2008) (citation omitted).  Exceptions to the mootness doctrine may arise, however, when a challenged action is voluntarily ceased or capable of repetition yet evades review.  *See Cierco v. Mnuchin*, 857 F.3d 407, 414–15 (D.C. Cir. 2017).  The latter exception applies if "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again."  *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

NALC has not satisfied its "initial heavy burden" of establishing that the claim against it is moot.  *Honeywell Int'l, Inc. v. Nuclear Regul. Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010) (quotation marks omitted).  Although NALC stated that the final issue of the *Postal Record* before the 2022 election was already published, *see* Second Decl. of Brian Renfroe ¶ 2, Dkt. 19, Noble has nonetheless provided unrebutted reason to believe this controversy remains live.  *See* Second Decl. of David W. Noble ¶ 8, Dkt. 24 (stating that Noble continued to ask NALC to run his ads in October 2022 and thereafter in anticipation of a requested rerun election, which NALC denied).  That claim, if true, would mean the issues in this case are not moot.  Because NALC has not contested this, it has not satisfied its burden of establishing mootness.

In any event, Noble's claim would fall into the mootness exception for claims capable of repetition yet evading review.  Noble has sufficiently shown, particularly given his repeated candidacy in prior four-year election cycles, that he "has run for office before and may well do so again."  Pl.'s Opp'n at 3, Dkt. 21; *accord Int'l Org. of Masters, Mates & Pilots v. Brown*, 498 U.S. 466, 473 (1991); *see also* Compl. ¶ 7; First Noble Decl. ¶ 11, Dkt. 21-1.  Therefore, "even though [the *Postal Record*] has been distributed and even though [Noble] lost the election . . . , the case is not moot."  *Brown*, 498 U.S. at 473.  "The likelihood that [NALC]'s rule would again present an

obstacle" to Noble advertising his future candidacy "makes this controversy sufficiently capable of repetition to preserve [the Court's] jurisdiction." *Id.*

This case differs from a previous one, also brought by Noble against NALC, in which this Court found the capable-of-repetition exception inapplicable. *See* Defs.' Mem. at 7 (citing *Noble v. Nat'l Ass'n of Letter Carriers, AFL-CIO*, 285 F. Supp. 3d 128, 132–33 (D.D.C. 2018)). There, the plaintiff challenged events specific to one election and provided no reason to expect the same issues would recur. *Noble*, 285 F. Supp. 3d at 133–34. By contrast, here, Noble challenges a "longstanding NALC policy" that would apply the same way in any future elections. Am. Compl. ¶ 13; Compl. Ex. B. And the capable-of-repetition "requirement is easily met when a candidate challenges an electoral regulation that 'remain[s] on the books.'" *Herron for Cong. v. FEC*, 903 F. Supp. 2d 9, 14–15 (D.D.C. 2012) (alteration in original) (quoting *Dunn v. Blumstein*, 405 U.S. 330, 333 (1972)); *see also La Botz v. FEC*, 61 F. Supp. 3d 21, 31 (D.D.C. 2014) ("In the electoral context, the Supreme Court has suggested that the capable of repetition, yet evading review doctrine is appropriately applied where the state statute or policy in question will be applied in future elections and thus cause a comparable harm to candidates in the future."); *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 463–64 (2007) (holding that challenge to electioneering law was capable of repetition where plaintiff planned to run similar ads in future elections).

NALC's suggestion that the four-year election cycle would give Noble "plenty of time" to file suit again for future elections, *see* Defs.' Mem. at 7, is likewise unpersuasive. In general, "[e]lectoral disputes are paradigmatic examples of cases that cannot be fully litigated before the particular controversy expires." *La Botz*, 61 F. Supp. 3d at 30–31 (cleaned up). Accordingly, courts have regularly held that election disputes are capable of evading review, even when the election cycle is four years long like this one. *See, e.g.*, *Brown*, 498 U.S. at 468, 473. Furthermore,

the D.C. Circuit uses a "rule of thumb" that issues "of less than two years' duration" ordinarily evade review, *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 321 (D.C. Cir. 2014), and the defendants have provided no reason to think it likely that a candidate would seek to advertise his candidacy more than two years before an election.  Because the claim against NALC is therefore not moot, the Court will consider the merits of that claim below.

### B.  Venue

The LMRDA § 401(c) provides that venue is proper "in the district court of the United States in which such labor organization maintains its principal office."  29 U.S.C. § 481(c).  Under the LMRDA's venue provision, venue is proper in this Court for Noble's claim against NALC because NALC maintains its principal office in Washington, D.C.  *See* Am. Compl. ¶ 4.

But as the Court has previously held, venue is not proper for the claims against local Branches 421 and 9 because neither maintains a principal office in this district.  *See* Tr. of Mot. Hr'g at 3, 5.  Branch 421 is based in Texas, and Branch 9 is based in Minnesota—neither has an office in Washington, D.C.  First Decl. of Brian Renfroe ¶ 3, Dkt. 14-1.  While Noble resists this conclusion by casting doubt on the entirety of Renfroe's declaration, *see* Pl.'s Opp'n at 3, he does not dispute that the branches are based in Texas and Minnesota, respectively—and indeed, his complaint lists addresses for the branches in those states.  Am. Compl. at 1.  And regardless of the admissibility of the Renfroe declaration, the Court can and will take judicial notice of the fact that the branches are in those states.  *See Abraham v. Burwell*, 110 F. Supp. 3d 25, 27 (D.D.C. 2015) (taking judicial notice of an agency's location for venue analysis); *see also* National Association of Letter Carriers Alamo Branch 421, https://www.nalc421.com (last accessed November 4, 2022) (listing address in San Antonio, Texas); NALC Branch 9, https://www.branch9nalc.com (last accessed November 4, 2022) (listing address in St. Louis Park, Minnesota).

7

Although Noble appears to suggest that the branches should not be considered separate from NALC for venue purposes, *see* First Decl. of David W. Noble ¶¶ 1–8, Dkt. 21-1, the statute leads the Court to conclude otherwise.  The LMRDA refers to "national," "international," and "local labor organization[s]" and allows for suit "in the district court of the United States in which *such labor organization* maintains its principal office." 29 U.S.C. § 481(c) (emphasis added).  By breaking labor organizations into separate categories before identifying where suit is allowed, the statute indicates that local organizations are treated as separate entities from national or international counterparts.  Furthermore, the statutory definition of "labor organization" includes bodies "which [are] subordinate to a national or international labor organization, other than a State or local central body."[1] *Id.* § 402(i).  Accordingly, local branches are themselves considered "labor organizations" under the Act—despite their subordinance to a national organization.  *See, e.g.*, *Ala. Educ. Ass'n v. Chao*, 595 F. Supp. 2d 93, 99 (D.D.C. 2009) (concluding that an "intermediate body" comprised of individual employees was a "labor organization[] for the purposes of the LMRDA" (quotation marks omitted)); *Donovan v. Nat'l Transient Div., Int'l Bhd. of Boilermakers*, 736 F.2d 618, 622–23 (10th Cir. 1984) (concluding that a "subordinate local[]" within three-tier hierarchy was "a local labor organization" under the LMRDA).  Those local branches will therefore be considered distinct from NALC for venue purposes.  *See Roddy v. United Transp. Union*, 479 F. Supp. 57, 60–61 (N.D. Ala. 1979) (concluding that a "subordinate board . . . must be viewed as a separate 'labor organization' under LMRDA" despite "the absence of its own constitution . . . [and] direct dealings with employers"), *aff'd*, 606 F.2d 320 (5th Cir. 1979).

---

[1] Although the statutory definitions also exclude public sector unions from the LMRDA's reach, *see* 29 U.S.C. § 402(e), the Postal Reorganization Act made the LMRDA applicable to the Postal Service and NALC.  39 U.S.C. § 1209(b).

When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). And generally, "dismissal is appropriate where the plaintiff's claims have obvious substantive problems." *Lemon*, 270 F. Supp. 3d at 140 (quotation marks omitted). Because of the substantive problems with Noble's claim explained below, the Court will dismiss the claims against the local branches under Rule 12(b)(3) for improper venue.

### C.  Merits of the LMRDA claims against NALC

The LMRDA, enacted in 1959, regulates certain internal union affairs to "ensure free and democratic union elections." *Brown*, 498 U.S. at 476. Section 401(c) mandates that "[e]very national or international labor organization . . . comply with all reasonable requests of any candidate to distribute by mail or otherwise at the candidate's expense campaign literature in aid of such person's candidacy to all members in good standing of such labor organization." 29 U.S.C. § 481(c). The question presented is whether this provision *requires* NALC to publish a union candidate's campaign advertisement, at the candidate's expense, in its union magazine. It does not.

First, the plain text of the statute does not support Noble's interpretation. *See Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1482 (2021) ("[C]ourts . . . assume statutory terms bear their ordinary meaning."). Under § 401(c), unions must comply with candidates' reasonable requests "to distribute . . . campaign literature" "by mail or otherwise." 29 U.S.C. § 481(c). To "distribute" means "to divide among two or more; to deal out," and, in the mail context, "to place (the various pieces of mail) in the proper receptacle." *Distribute*, Webster's New Twentieth Century

Dictionary of the English Language 2d ed. (1958).   And campaign "literature" means "printed matter of any kind, as advertising, campaign leaflets, etc."   *Literature*, *id.*; *see also Literature*, Merriam-Webster Unabridged Dictionary 3d ed. (1961) ("[L]eaflets, handbills, circulars, or other printed matter of any kind."); *Literature*, Oxford English Dictionary 2d ed. (1989) ("Printed matter of any kind; *esp.* leaflets, brochures, etc., used to advertise products or provide information and advice").   All of these definitions have something in common: they specify that the material is printed on a page and give examples of standalone material.  *See Leaflet*, Webster's New Twentieth Century Dictionary of the English Language 2d ed. (1958) ("[A] separate sheet of printed matter, often folded but not stitched."); *Handbill*, *id.* ("[A] small printed sheet of paper bearing an announcement, etc., to be passed out by hand."); *Circular*, *id.* ("[A] letter, advertisement, etc., usually printed in quantities, intended for circulation.").   Putting those definitions together, § 401(c) is most naturally read to require unions to coordinate the delivery of a candidate's standalone, already-printed material to campaign members.  *See, e.g.*, *Brown*, 498 U.S. at 469, 477–78.

Noble's request does not fit within this statutory text.  He is not asking the union to deliver his materials to union members.  Nor is he asking for distribution of his leaflets, handbills, circulars, or any kind of comparable printed material.  Instead, he is asking the union to print an advertisement *for* him within the pages of its broader publication by giving up space in its *own* monthly magazine.  Section 401(c)'s language does not extend that far.  A request that the union sell him space in its magazine to run an advertisement is not the same as a request that the union distribute campaign literature produced by a candidate.

Moreover, even if one considered Noble's request as one for distribution of campaign literature, that request would not be "reasonable" here.  *See* 29 U.S.C. § 481(c).  For § 401(c) does

not give Noble license to alter the nature of the *Postal Record* by requiring it to print advertising and campaign material it otherwise would not.  This conclusion is supported by two other provisions of the LMRDA under which courts generally refuse to interfere with union publications.

First, another provision in § 401(c) requires unions who "distribut[e] . . . campaign literature on behalf of any candidate" to make "similar distribution at the request of any other bona fide candidate . . . with equal treatment."  29 U.S.C. § 481(c).  In that context, courts have largely declined to compel union publications to print candidate materials when they otherwise would not do so.  *See Yablonski v. United Mine Workers of Am.*, 305 F. Supp. 868, 872 (D.D.C. 1969), *supplemented*, 305 F. Supp. 876 (D.D.C. 1969); *Camarata v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 478 F. Supp. 321, 331 (D.D.C. 1979), *aff'd*, 1981 WL 154071 (D.C. Cir. Jan. 23, 1981).  When a union publication "do[es] not discriminate in favor of or against any candidate for office," it is "not campaign literature in the statutory sense" and therefore does not run afoul of § 401(c).  *Camarata*, 478 F. Supp. at 330.  It is only in rare cases where a union publication's coverage of incumbents is "so excessive column-wise or pictorially in relation to the other matters covered by the publication" that a court may consider it "campaign literature on behalf of the incumbent" and require the publication to treat other candidates equally—for instance, by running other candidates' ads.  *Id.*; *see Hodgson v. United Mine Workers of Am.*, 344 F. Supp. 17, 22, 28–29, 36 (D.D.C. 1972).

But Noble has not alleged here that the *Postal Record* is campaign literature in favor of the incumbents such that he should get equal space in the magazine.  Instead, Noble's request—that the Court order the *Postal Record* to run campaign advertisements when it does not regularly accept them—would transform the union's monthly magazine *into* campaign literature against its

11

wishes.  Not only is such a request not a "reasonable" one, but § 401(c) does not give Noble or the Court license to compel the union publication to comply.[2]

Second, courts have reached similar conclusions in interpreting § 101 of the LMRDA, which guarantees free speech to union members.  *See* 29 U.S.C. § 411(a).  In applying § 101, courts have consistently explained that "[a]s a general rule, union members possess no right to the publication of their views in a union publication."  *Messina v. Loc. 1199 SEIU*, 205 F. Supp. 2d 111, 123 (S.D.N.Y. 2002); *see also Sheldon v. O'Callaghan*, 497 F.2d 1276, 1282 (2d Cir. 1974) ("We do not hold that defendants were required to give plaintiffs space in the union newspaper to present their views under § 101]."); *cf. Camarata*, 478 F. Supp. at 330 ("[U]nion publications . . . are not ordinarily required to give space therein to the expression of contrary views [under § 401].").  While § 101 may prohibit viewpoint discrimination if a union has "opened the forum of its publication to the commercial speech of its members and merchants," *Knox Cnty. Loc. v. Nat'l Rural Letter Carriers' Ass'n*, 720 F.2d 936, 940 (6th Cir. 1983) (quotation marks omitted); *see* Pl.'s Opp'n at 5–7 (citing *Knox Cnty.*), that holding is inapplicable where a union publication has not "opened up the forum of [its] newspaper to speech on the issue [the] plaintiff sought to address," *Messina*, 205 F. Supp. 2d at 124; *see also Members for a Democratic Union v. Loc. 1101, Commc'ns Workers of Am., AFL-CIO*, 697 F. Supp. 771, 775–76 (S.D.N.Y. 1988).  Thus,

---

[2] The remedy in *Hodgson* is not to the contrary.  *Cf.* Pl.'s Opp'n at 5.  The court there interfered with the union publication only after concluding that it was electioneering for the incumbent—*i.e.*, constituted campaign literature—in violation of § 401(g)'s prohibition on using union funds to support any candidate.  *Hodgson*, 344 F. Supp. at 28–29, 36.   In any event, other courts in this district have cast doubt on their power to grant remedies like that in *Hodgson*.  *See Camarata*, 478 F. Supp. at 331 ("The relief requested by plaintiffs, i.e., . . . the inclusion of [campaign] literature on the basis of equal space and prominence in future issues of the [union publication], is beyond the authority of this court to grant."); *Yablonski*, 305 F. Supp. at 875 (explaining that § 401(c) "does not authorize" the court to order the journal to print plaintiff's content).

the holding of *Knox* would not require NALC to open up the *Postal Record* for candidate ads when it has not already done do so.

That the *Postal Record* allows members to run advertisements for job transfers, *see* Am. Compl. ¶ 14, does not change this conclusion.  Permitting a very narrow and specific subset of advertisements does not "open the forum" to all advertisements of a completely different ilk.  *See Messina*, 205 F. Supp. 2d at 124 (holding that *Knox* applied only if "the union newspaper 'opened the forum' of its publication to the speech of its members by printing articles *on the very issue* the plaintiff sought to address" (emphasis added)).

In sum, Noble's request that the *Postal Record* print his advertisement within its pages is not a request for the delivery of campaign literature.  And even if it were, his request—which would require NALC to alter the nature of its union publication—is not a reasonable one. Therefore, Noble has not made out a valid claim under § 401(c) of the LMRDA, and therefore the Court will dismiss Noble's remaining claim with prejudice under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is granted.  A separate order accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

December 13, 2022

13

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DAVID W. NOBLE,

        *Plaintiff*,

  v.

NATIONAL ASSOCIATION OF LETTER
CARRIERS, AFL-CIO, *et al.*,

        *Defendants*.

No. 22-cv-1613 (DLF)

**ORDER**

For the reasons stated in the accompanying Memorandum Opinion, it is

**ORDERED** that the National Association of Letter Carriers' Motion to Dismiss, Dkt. 19,

is **GRANTED WITH PREJUDICE** under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

It is further

**ORDERED** that Branch 421 and Branch 9's Motion to Dismiss, Dkt. 19, is **GRANTED**

**WITHOUT PREJUDICE** under Rule 12(b)(3).

The Clerk of Court is directed to close this case.

_____
DABNEY L. FRIEDRICH
United States District Judge

December 13, 2022